suspension pursuant to SCR 3.669(4) against the respondent for failure to meet the annual minimum continuing legal education requirement for the educational year ending June 30, 1991; and it appearing that the Court on December 30, 1991, issued its order directing the respondent to show cause on or before January 20, 1992, why he should not be suspended for such failure; and it further appearing that the respondent has filed no response thereto whatsoever; NOW THEREFORE IT IS HEREBY ORDERED that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.

This order shall constitute a public record.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

---

**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**James K. CAUDILL, Respondent.**

**No. 92–SC–70–KB.**

Supreme Court of Kentucky.

March 12, 1992.

ORDER OF SUSPENSION

This matter is before the Court on the motion of the Kentucky Bar Association, CLE Commission, for entry of an order of suspension pursuant to SCR 3.669(4) against the respondent for failure to meet the annual minimum continuing legal education requirement for the educational year ending June 30, 1991; and it appearing that the Court on December 30, 1991, issued its order directing the respondent to show cause on or before January 20, 1992, why he should not be suspended for such failure; and it further appearing that the respondent has filed no response thereto whatsoever; NOW THEREFORE IT IS HEREBY ORDERED that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.500 and 3.675.

**430**

This order shall constitute a public record.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**James C. LADD, Respondent.**

**No. 91–SC–962–KB.**

Supreme Court of Kentucky.

March 12, 1992.

Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for complainant.

James C. Ladd, Munfordville, for respondent.

ORDER OF TEMPORARY SUSPENSION

The Kentucky Bar Association has petitioned for the temporary suspension of James C. Ladd pursuant to SCR 3.165. An order to show cause why the petition should not be granted was issued, and a response was filed, and has been considered. The pleadings indicate that the executrix of an estate which had been entrusted to the respondent has filed a civil action to recover substantial sums allegedly paid to the respondent for attorney's fees by checks not signed or authorized by the executrix. It further appears that a criminal indictment has resulted from this same matter.

Upon consideration of the petition and the response to the order to show cause, it appears that reasonable cause exists to believe that the respondent is or has been misappropriating funds held for others to his own use, or has been otherwise improperly dealing with said funds, and that reasonable cause exists to believe that unless an order of temporary suspension is issued, a real and present danger exists to the public.

IT IS THEREFORE ORDERED that the respondent James C. Ladd is hereby temporarily suspended from the practice of law in this Commonwealth. IT IS FURTHER ORDERED that, in compliance with SCR 3.165, within twenty (20) from the date of the entry of this order, the respondent shall notify all clients in writing of his inability to continue to represent them, and shall furnish copies of all such letters of notice to the Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: March 12, 1992.

/s/ Robert F. Stephens
Chief Justice

**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Nile Baker SMITH, Respondent.**

**No. 91–SC–730–KB.**

Supreme Court of Kentucky.

March 12, 1992.

Ray Clooney, Bar Counsel, Kentucky Bar Ass'n, Frankfort, for movant.

Charles E. English, English, Lucas, Priest and Owsley, Bowling Green, for respondent.

OPINION AND ORDER

The Kentucky Bar Association preferred reciprocal discipline charges against the respondent, Nile Baker Smith, for his violation of the equivalent of Supreme Court Rule 3.130–1.3, 1.4, 1.15(b), 1.16(d) and 8.3.

The Disciplinary Commission of the Supreme Court of Arizona had instituted 30